1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

|  |  |
|---|---|
| ROBERT BARGAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNAPSE GROUP, INC. d/b/a MAGSFORMILES and MAGSFORPOINTS,<br><br>Defendant. | Case No.: SACV 23-00198-CJC (JDEx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

In this putative class action, Plaintiff Robert Bargar alleges that Defendant Synapse Group, Inc., doing business as MagsforMiles and MagsforPoints, employs "a classic bait and switch marketing ploy" by offering frequent flyer members of certain airlines "to redeem their unused, orphan, or expiring miles for" certain print magazines and then "forc[ing them] to choose a *digital* publication for magazines *other than* [their] chosen publication rather than refunding [them] the Miles or providing other compensation." (Dkt. 1 [Complaint, hereinafter "Compl."] ¶¶ 1–6 [emphases in original].)  Plaintiff asserts only state law claims, but alleges that the Court has jurisdiction over this case

under the Class Action Fairness Act, which provides federal district courts "with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

Plaintiff alleges that the amount in controversy in this case exceeds $5 million. (Compl. ¶ 10.)  But "[t]his threadbare recitation of the amount in controversy element for subject matter jurisdiction under CAFA is insufficient, without more, to establish the Court's subject matter jurisdiction."  *Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017).  And the Court has doubts whether $5 million is actually in controversy here.  Plaintiff's theory is that Defendant duped him into trading his airline miles, which were nearly worthless because they were "unused, orphan, or expiring," for one thing and then forcing him to trade them for another thing.  (*See* Compl. ¶¶ 1–7.) The value of any actual damages or restitution for any class member is likely to be extraordinarily small.  (*See id.*)  Accordingly, the Court needs more information both about the number of class members and the amount each class member could possibly recover to be assured that the Court has CAFA jurisdiction over this case.

The Court **ORDERS** Plaintiff to show cause in writing by **July 17, 2023** why this case should not be dismissed for lack of jurisdiction.  Defendant may, but is not required to, file a statement by **July 24, 2023**.  The hearing on Defendant's motion to transfer venue set for July 10, 2023, at 1:30 p.m. is **VACATED** and off calendar.  The Court will reschedule the hearing on this motion if it determines it has jurisdiction over this case.

DATED:     June 29, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

-2-